# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH JODY DUPLICHAN, JR**<br>    **D.O.C. # 320365** | : | **DOCKET NO. 15-cv-1440** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN DIXON CORRECTIONAL**<br>**CENTER** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C §
2254, filed by Joseph Jody Duplichan, Jr. ("petitioner"). Doc. 1. The petitioner is a prisoner in the
custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated
at the Dixon Correctional Institute in Jackson, Louisiana. The warden of Dixon Correctional
Institute ("respondent") has responded. Doc. 12.

This matter is referred to the undersigned for review, report, and recommendation in
accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons
**IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED
WITH PREJUDICE**.

## I.
### BACKGROUND

### A. *Conviction*

Following a jury trial in the 33rd Judicial District, Allen Parish, Louisiana, in 2006, the
petitioner was convicted of two counts of indecent behavior with juveniles and sentenced to two

consecutive seven-year sentences.[1] *State v. Duplichan*, 945 So.2d 170, 172 (La. Ct. App. 3d Cir. 2006). The petitioner appealed his conviction and sentence and exhausted an application for post-conviction relief in the state courts before filing a petition for a writ of habeas corpus ("first habeas petition") in this court on October 26, 2010. *Duplichan v. Warden, Dixon Corr. Ctr.*, 2013 WL 4516004, *1–*2 (W.D. La. Aug. 22, 2013). As part of his application for post-conviction relief, the petitioner alleged that he received ineffective assistance of counsel based on his attorney's failure to challenge a juror for cause after she commented during voir dire that she would prefer that a defendant testify at trial. *Id.* at *6–*7 notes 1–2 and accompanying text. He also renewed this claim in his first habeas petition. This court denied relief on August 22, 2013, determining with regard to the ineffective assistance claim that the petitioner had not adequately briefed the issues. *Id.* at *7.

The petitioner filed a motion for a new trial, based on newly discovered evidence, with the trial court on October 17, 2013. Doc. 12, att. 14, pp. 1–4. He contends that he discovered that the transcript on which he relied to brief the ineffective assistance relating to a biased juror claim ("2006 transcript") was incomplete and altered.[2] *Id.* He alleges that the 2006 transcript was relied upon by the state courts in rejecting his previous petition. *Id.* This transcript omits certain comments by prospective jurors as "inaudible," while the transcript that the petitioner received from a 2007 release of records ("2007 transcript") includes the comments in full. *See* doc. 5.

The trial court denied the motion for a new trial on November 13, 2013. Doc. 12, att. 14, p. 5. The petitioner then sought a writ of review in the Louisiana Third Circuit Court of Appeal,

---

[1] On appeal it was determined that these sentences were indeterminate, as they did not specify whether or not they were at hard labor. *Duplichan*, 945 So.2d at 173–74. Accordingly, the case was remanded for resentencing to specify that point. *Id.* at 174.
[2] The petitioner states that he discovered the state courts' reliance on the 2006 transcript on December 8, 2011, after we ordered the entire record produced in review of his first habeas petition. Doc. 12, att. 14, p. 2.

which denied same pursuant to LA. C. CR. P. art. 930.8, finding that the motion was untimely filed in the trial court. Doc. 12, att. 16, pp. 43–44. His writ application to the Louisiana Supreme Court was denied on the same grounds of untimeliness on March 27, 2015. *Id.* at 50.

The petitioner then filed the instant petition on April 23, 2015. Doc. 1, p 15. He states that he waited until the judgment on his first habeas petition became final, on August 22, 2013, to file his motion for a new trial in the state courts. Doc. 1, att. 2, p. 3. He asserts, based on the 2007 transcript, that he was denied effective assistance of counsel and an impartial jury by the seating of the challenged juror.[3] *Id.*

After comparing the transcripts, we determined that the 2007 voir dire transcript did include comments omitted from the 2006 transcript. Doc. 5. However, we noted that the differences did not provide grounds for a second or successive habeas petition, as it did not appear that the challenged juror had been seated. *Id.* The petitioner filed an objection to our report and recommendation, including therein additional transcript pages that showed that the challenged juror was in fact seated. Doc. 6. The district judge found that the transcript differences provided grounds for a second or successive petition and ordered the instant petition served. Doc. 8.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

#### A. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is

---

[3] The petitioner also complains of the transcript alterations, alleging bad faith on the part of the state courts. We view this as argument in favor of the timeliness of the instant petition based on newly discovered evidence and so will consider it *infra* under Sections III.A and III.B.

pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is only tolled, however, while applications for state review are pending and not between resolution of state review and the filing of the federal habeas application. *See Carey v. Saffold*, 122 S.Ct. 2134, 2138 (2002). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. *Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

### 1.   *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2.   *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to

satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[4] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C.  General Principles

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456, 471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

---

[4] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 850 (2005), quoting *Williams v. Taylor*, 120 S.Ct. 1495, 1519–20 (2000) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

# III.
## LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

### A. Timeliness

The petitioner's claims are plainly untimely if calculated from the date that his conviction became final. However, § 2244(d) also allows that the limitation period may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The petitioner received the record on December 8, 2011, and discovered thereafter that state court rulings on the juror portion of his ineffective assistance claim were based on the incomplete 2006 transcript. Thus, if the date of discovery is calculated from receipt of the record in December 2011, the one-year time limit had already been exceeded by the time it was tolled with the petitioner's motion for a new trial in October 2013.

Although statutory tolling is not available during the pendency of federal habeas proceedings, the Supreme Court has not addressed whether equitable tolling should be available during that same period. *Duncan v. Walker*, 121 S.Ct. 2120, 2124–25, 2128–29 (2001). The Supreme Court has held that a state habeas petitioner is entitled to equitable tolling of § 2244(d)'s limit upon a showing that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations omitted). It is the petitioner's burden to establish that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

The respondent does not raise the issue of untimeliness. It appears that the petitioner was pursuing his rights diligently by awaiting the resolution of his first habeas petition in this court before he introduced those claims with the newly discovered evidence in the instant petition, and that the circumstance of already having those claims raised in a pending petition without knowledge of the transcript differences could satisfy the second prong of *Holland*. Accordingly, this court will not invoke untimeliness as a bar to the instant petition.

### B. Exhaustion of State Court Remedies and Procedural Default

All of the claims raised above were exhausted in the state courts. The Louisiana Supreme Court, as the last court to consider the grounds (including the full transcript) of the present petition, denied review based on a finding of untimeliness. Doc. 12, att. 16. The Fifth Circuit has long held that the relevant rule, LA. C. CR. P. art. 930.8, is adequate and independent grounds for a procedural default. *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). However, the respondent does not raise procedural default as a defense against the instant petition. Based on the district judge's finding that the newly discovered evidence in this case was sufficient to upset the federal time limit, we will not invoke procedural default as a bar to review.

### C. Substantive Analysis

Having determined that the petition is properly before this court, we review it under the standards described above.

#### 1. Impartial jury

The petitioner first contends that his conviction violated his right to due process as the trial court accepted a biased juror in violation of his constitutional right to a trial by jury. He bases this claim on alleged bias of juror J.W. as shown through the following exchanges with defense counsel during voir dire:

> Defense counsel: "What about you, Ms. W[]? Would it bother you [if my client does not testify]?"
>
> J.W.: "I think so, because everybody is saying negative things about him. I would want him to say if he's guilty or not."
>
> Defense counsel: "You would want him to defend himself?"
>
> J.W.: "I would."

Doc. 12, att. 15, p. 57.

> Defense counsel: "Does anyone else feel that [the petitioner] needs to speak up, because maybe this will help me decide whether or not he testifies."
>
> J.W.: "It would be better in his case."
>
> Defense counsel: "Ma'am."
>
> J.W.: "It would be better in his case. Like if he does speak up, you can see how he is and you can judge him a little bit better when it comes to whether or not he's guilty or not."
>
> Defense counsel: "But he's not required to testify."
>
> J.W.: "No, he's not. It doesn't matter."

Doc. 12, att. 16, p. 21.

We examine the lack of excuse for cause for manifest error.[5] *Celestine v. Blackburn*, 750 F.2d 353, 360 (5th Cir. 1984). "To warrant habeas relief, the basis for [ungranted] disqualification [of a juror] must be so prejudicial as to deprive the petitioner of due process." *Pruett v. Thigpen*, 665 F.Supp. 1254, 1266 (N.D. Miss. 1986). Here the petitioner fails to meet that threshold.

As he indicates, J.W. did express that having the petitioner testify in his defense would be helpful. However, as respondent points out, she quickly admitted that he was not required to do so and added, "It doesn't matter."[6] Doc. 12, att. 16, p. 21. The statements on which he relies only

---

[5] Neither party argues that the trial court should or should not have been allowed to excuse J.W. for cause on its own accord. However, the Louisiana Supreme Court has upheld the trial court's excusal of a prospective juror for cause *ex proprio motu*, based on the trial court's authority under La. C. Cr. P. art. 787. *See State v. Andre*, 267 So.2d 190, 191 (La. 1972) (per curiam). Accordingly, the trial court's failure to excuse J.W. for cause serves as a finding that there was no basis for doing so.

[6] This statement is the subject of competing interpretations. The petitioner argues that it conveys J.W.'s disregard of his right not to testify, while the respondent maintains that it shows that J.W. accepted that J.W.'s refusal to testify should not count against him. From the transcript alone, it is impossible for us to determine which interpretation is correct. Therefore we grant it no weight in determining J.W.'s bias.

indicate that she would consider it helpful to hear from the petitioner, not that she would assume he was guilty based on his decision not to testify. She had also expressed a correct understanding of the prosecution's burden of proof and the presumption of innocence accorded to the petitioner. Doc. 12, att. 15, pp. 13, 50–52. She further stated that the petitioner should not be required to testify. *Id.* at 53. Accordingly, the petitioner has not established bias on the part of J.W. to the point where it rendered her presence on the jury sufficiently prejudicial. He is therefore not entitled to habeas relief under this claim.

### 2. *Ineffective assistance of counsel*

The petitioner next alleges that his trial counsel was ineffective, presumably for failing to challenge J.W. for cause.

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. *Id.* at 2064. This standard does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 1065). The resulting prejudice must also be so great that it creates a substantial likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011). A petitioner must meet both of *Strickland*'s prongs in order to show a basis for federal habeas relief. *Id.*

Under Louisiana law, a challenge for cause may be raised based on the following, in addition to other grounds not relevant here:

> (2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and evidence;
>
> . . . .
>
> (4) The juror will not accept the law as given to him by the court . . . .

LA. C. CR. P. art. 797. The petitioner fails to show how the two exchanges, within the context of the rest of J.W.'s remarks during voir dire, demonstrate either basis. Although she admitted to a preference of wanting to hear from the petitioner, she stated that she would not hold it against him if he exercised his Fifth Amendment right not to testify. Accordingly, the petitioner cannot establish that a challenge for cause would have been appropriate and that his attorney performed deficiently, in satisfaction of *Strickland*'s first prong, when she failed to raise one.

The petitioner might also mean to argue that his attorney should have exercised a peremptory strike against J.W.; however, he still could not show, based on the record before us, that her presence on the jury satisfies *Strickland*'s second prong. The petitioner is therefore not entitled to habeas relief under this claim.

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir.  1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 12th day of August, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE